IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-82421 |
| | ) | |
| RICHARD DOOLEY, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

      Hearing was held in Omaha, Nebraska, on September 29, 2005, regarding the debtor's plan (Fil. #3), the trustee's objection to confirmation of the plan (Fil. #11), and the debtor's resistance to the trustee's objection (Fil. #15), as well as the trustee's objection to the debtor's claim of exemptions (Fil. #12) and the debtor's resistance (Fil. #16). Richard Myers appeared for the debtor and Kathleen Laughlin appeared as Chapter 13 trustee.

      The Chapter 13 trustee has objected to the claim of homestead exemption filed by the debtor. The objection is based upon the debtor's failure to cite the actual homestead exemption, instead citing another statute that has nothing to do with homestead exemption. The objection is sustained. The debtor may amend the claim of homestead exemption by designating the correct statutory provision.

      The trustee has also objected to the Chapter 13 plan on a number of grounds. Initially, the trustee objects that the debtor is paying for several vehicles directly, rather than through the trustee. In this case, the debtor's spouse, who uses one of the vehicles on a regular basis, is not in this bankruptcy proceeding. She is, however, a debtor with regard to the vehicles in question.

      If the schedules have not been amended to include the ownership or lease status of the vehicles, the appropriate schedules should be amended at this time. The debtor must make the payments on two of the three vehicles through the trustee so that the trustee can monitor potential disposable income issues. However, the debt on the vehicle operated generally by the debtor's spouse does not need to be paid through the trustee. It may be paid directly by either the debtor or the debtor's spouse.

      The trustee also objects to the housing expense as not reasonably necessary. That objection is overruled. There seems to be no extraordinary reason in this case to interfere with the housing decisions of the debtor and the non-debtor spouse. Apparently the reason the debtor is in bankruptcy in the first place is because of an involuntary change in jobs and a significant reduction in income. However, the debtor's spouse has not changed jobs and has not had the same type of reduction in income. Some courts find it easy to say that individuals in bankruptcy should get rid of houses that the bankruptcy judge thinks are too expensive, but there is no specific statutory requirement that debtors should take such action. If the expenses seem extraordinary, the court should not confirm a plan if feasibility is in serious question. Otherwise, particularly if no creditors have objected, there is no reason to second-guess the family decision concerning housing or vehicles.

      In this case, at this time, there is not a feasibility issue. However, it was made clear at the hearing that the debtor is receiving severance pay from his former employer only for twenty-four

months. At the end of that twenty-four month period, his income will decrease by approximately $2,900 a month. Without reducing expenses at that time, the plan will become unfeasible rather quickly. I shall leave it to the debtor and the debtor's spouse to figure out what the appropriate level of expense should be at the end of twenty-four months to enable the debtor to complete the plan.

With the amendments referred to above concerning the exemption and the vehicle payments, the plan may be confirmed.

SO ORDERED.

DATED this 29th day of September, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Richard Myers
    Kathleen Laughlin
    U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.